UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AUDREY GAYDEN                                    CIVIL ACTION

VERSUS                                           NO: 13-6232

WINN-DIXIE MONTGOMERY, INC.                      SECTION: R

## ORDER AND REASONS

Plaintiff Audrey Gayden moves to remand this case to state court, arguing that removal was untimely.[1]  Defendant Winn-Dixie Montgomery, Inc. opposes plaintiff's motion and moves pursuant to Rule 12(b)(6), or in the alternative, 12(c), to dismiss plaintiff's complaint on the basis of prescription.[2]  The Court DENIES plaintiff's motion to remand, because defendant properly filed its notice of removal within 30 days of first receiving notice that damages were in excess of the federal jurisdictional amount.  Because plaintiff failed to comply with the requirements of Louisiana Revised Statute 13:850 governing the filing of pleadings by facsimile transmission, her faxed petition for damages had no force or effect and failed to interrupt the prescriptive period that expired before she filed the original, signed petition.  Accordingly, defendant's motion to dismiss is GRANTED.

---

[1] R. Doc. 6.

[2] R. Doc. 4.

## I.   BACKGROUND

Plaintiff alleges in her petition for damages that she was injured on June 4, 2012 while retrieving a shopping cart from the cart storage area at the Winn-Dixie located in the Algiers neighborhood of New Orleans.[3]  She alleges that a store employee pushed a group of shopping carts into her, causing severe injury leading to permanent disability.[4]  Plaintiff filed her Petition for Damages and *in forma pauperis* affidavit in the Civil District Court for the Parish of Orleans via facsimile on June 3, 2013.[5] On June 4, 2013, the Clerk of Court sent a "Facsimile Transmission Confirmation" to plaintiff.[6]  Plaintiff's attorney hand-delivered the original, signed petition, request for pauper status, and facsimile transmission fee on June 13, 2013.[7]  The petition alleged that plaintiff had suffered permanent disability as a result of the accident, but it did not specifically state whether the damages sought were above or below the federal jurisdictional amount of $75,000.

---

[3] R. Doc. 1-2 at 4.

[4] *Id.* at 4-5.

[5] *Id.* at 1, 3.

[6] *Id.* at 2.

[7] *Id.* at 12; R. Doc. 10-5; R. Doc. 10 at 4.

Plaintiff served defendant on September 18, 2013.[8]  The next
day, defendant propounded a Request for Admission to plaintiff
asking plaintiff to admit that her claim was worth greater than
$75,000.[9]  The request was considered admitted when plaintiff
failed to deny or object to it by October 4, 2013.  *See* La. Code
Civ. Proc. art. 1467 (2011) (stating that the subject of a
request for admission is admitted unless the party to whom the
request is directed objects or answers within 15 days).  On
October 23, 2013, defendant removed the matter to this Court.[10]
On November 12, defendant moved to dismiss the case under Rule
12(b)(6), or in the alternative, Rule 12(c), arguing that
plaintiff's claim is prescribed.[11]  Plaintiff filed her motion to
remand on November 25, 2013.[12]


## II.   STANDARD

### A.    Removal Standard

A defendant may generally remove a civil action filed in
state court if the federal court would have had original
jurisdiction. *See* 28 U.S.C. § 1441(a).  A federal district court

---

[8] R. Doc. 6-1.

[9] R. Doc. 8 at 8.

[10] R. Doc. 1.

[11] R. Doc. 4.

[12] R. Doc. 6.

has subject matter jurisdiction over a state claim when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a). The Court construes ambiguities against removal and in favor of remand to state court.  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 387 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper.  *Id.* (citing *Manguno*, 276 F.3d at 723).

**B.    Treatment of Rule 12(b)(6) Motion as Motion for Summary Judgment**

Rule 12(b)(6) "speaks to the failure to state a claim upon which relief can be granted and encompasses dismissal on the basis of prescription."  *Washington v. Allstate*, 901 F.2d 1281, 1283 (5th Cir. 1990).  If, on a motion under Rule 12(b)(6) or 12(c), the parties present matters outside the pleadings and the Court considers them, "the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *Id.*  In their memoranda on the motion to dismiss, both parties rely on matters outside the pleadings, including plaintiff's pauper application, the clerk of court's facsimile transmission confirmation, and the receipt indicating the date that plaintiff submitted the original

petition, pauper affidavit, and transmission fees.  Plaintiff was
on notice, presumably from the time that Winn-Dixie presented
matters outside the pleadings and certainly from the time that
she did the same, that the Court could convert Winn-Dixie's
motion to dismiss into a motion for summary judgment.  *See, e.g.,
Washington*, 901 F.2d at 1284 (plaintiff was on notice, from the
time that he submitted matters outside the pleading to the
district court, that the court could treat defendant's motion to
dismiss as a motion for summary judgment); *Collier v. City of
Chicopee*, 158 F.3d 601, 603 (1st Cir. 1998) ("By incorporating
affidavits into his opposition to [defendant's] motion,
[plaintiff] implicitly invited conversion–and a party who invites
conversion scarcely can be heard to complain when the trial court
accepts the invitation.").  Accordingly, the Court treats the
motion as seeking summary judgment.

    **C.**    **Summary Judgment Standard**

Summary judgment is warranted when "the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986);
*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
When assessing whether a dispute as to any material fact exists,
the Court considers "all of the evidence in the record but
refrains from making credibility determinations or weighing the

evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  The Court must draw all reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991)(citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by

submitting or referring to evidence, set out specific facts

showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings but must

identify specific facts that establish a genuine issue for trial.

*Id.* at 325. *See also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates*

the entry of summary judgment, after adequate time for discovery

and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden

of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

Ordinarily, the party pleading prescription bears the burden

of proving that the plaintiff's claims have prescribed.

*Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877

(5th Cir. 2002).  Nevertheless, once it is shown that more than a

year has elapsed between the time of the tortious conduct and the

filing of a tort suit, "the burden shifts to the plaintiff to

prove either suspension, interruption, or some exception to

prescription" that would excuse the delay.  *Id.*


**III. DISCUSSION**

    **A.   Plaintiff's Motion to Remand**

Plaintiff argues that the Court should remand this case

because Winn-Dixie removed to federal court 35 days after service

of pleadings.  She argues that Winn-Dixie knew or should have

known at the time of service that the amount in controversy

exceeded $75,000, because the complaint alleged "permanent

disability" stemming from the accident and because Winn-Dixie is

believed to have an accident report and surveillance video

demonstrating the extent of plaintiff's injuries.

The timing of removal is governed by 28 U.S.C. § 1446(b):

> (1) The notice of removal of a civil action or proceeding
> shall be filed within 30 days after the receipt by the
> defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief upon
> which such action or proceeding is based, or within 30 days
> after the service of summons upon the defendant if such
> initial pleading has then been filed in court and is not
> required to be served on the defendant, whichever period is
> shorter. . . .

> (3) Except as provided in subsection (c), *if the case stated
> by the initial pleading is not removable, a notice of
> removal may be filed within 30 days after receipt by the
> defendant, through service or otherwise, of a copy of an
> amended pleading, motion, order or other paper from which it
> may first be ascertained that the case is one which is or
> has become removable.*

(emphasis added).  Section 1446(c)(3)(A) further provides:

> If the case stated by the initial pleading is not removable
> solely because the amount in controversy does not exceed
> [$75,000], information relating to the amount in
> controversy in the record of the State proceeding, or in
> responses to discovery, shall be treated as an 'other
> paper' under subsection (b)(3).

In *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir.

2013), the Fifth Circuit considered whether a plaintiff's

original petition filed in a Texas court could trigger the 30-day

time period for removal without specifically alleging that the

amount in controversy exceeded the federal jurisdictional amount.

Like Louisiana, Texas then did not permit plaintiffs to plead a specific amount of damages.  Mumfrey argued that his initial pleadings were removable "because his list of damages was so extensive it was clear his claims satisfied the jurisdictional amount."  *Id.* at 399.  The Court reaffirmed its earlier holding in *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), "that the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey*, 719 F.3d at 399 (emphasis in original) (quoting *Chapman*, 969 F.2d at 163).  The Court considered the rationale behind the *Chapman* decision:

> The *Chapman* court had several practical ramifications in mind when it announced this standard. By rejecting a so-called due-diligence standard, it sought to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading. *Id.* Moreover, the *Chapman* court wanted to avoid encouraging defendants to remove cases prematurely for fear of accidentally letting the thirty-day window to federal court close when it is unclear that the initial pleading satisfies the amount in controversy. *Id.* Ultimately, *Chapman* lays out a "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount.*" *Id.* (emphasis added). Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws that prohibit pleading unliquidated damage amounts.

*Mumfrey*, 719 F.3d at 399.   The Court concluded that because

Mumfrey's petition lacked a "specific allegation that damages are

in excess of the federal jurisdictional amount," the removal

clock was not triggered.  *Id.* at 400.

     Like Mumfrey, plaintiff did not explicitly state in her

petition that damages exceeded the federal jurisdictional

amount.[13]   When she failed to respond to defendant's request for

admission that the amount in controversy exceeded $75,000, that

statement was deemed admitted in accordance with La. Code Civ.

Proc. art. 1467.   The admission, which occurred on October 4,

2013, qualifies as "other paper" by the terms of 18 U.S.C. §

1446(c)(3)(A) and triggered the 30-day removal clock.   Defendant

removed this action on October 23, 2013.   Removal was therefore

timely, and jurisdiction is proper.[14]

_____

      [13] Nor did plaintiff comply with La. Code Civ. Proc. art.
893, which states:

    [I]f a specific amount of damages is necessary to establish
    . . . the lack of jurisdiction of federal courts due to
    insufficiency of damages, . . . a general allegation that
    the claim . . . is less than the requisite amount is
    required.

Failure to plead the absence of federal jurisdiction in
accordance with state law does not, however, constitute a
"specific allegation that damages are in excess of the federal
jurisdictional amount."

      [14] It is immaterial whether the nature of plaintiff's claims
made it obvious that damages would be in excess of $75,000.  This
is true even though 18 U.S.C. § 1446 has been amended since the

**B.    Defendant's Motion to Dismiss**

Plaintiff alleges that her injury occurred on June 4, 2012. Louisiana Civil Code article 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year." Article 3454 further provides that "[i]n computing a prescriptive period, the date that marks the commencement of the prescription is not counted."  Accordingly, plaintiff had until Wednesday, June 5, 2013 to file her petition for damages.

Louisiana permits litigants in a civil action to file pleadings by facsimile.  *See* La. Rev. Stat. § 13:850.  Within seven days, exclusive of legal holidays, after the clerk of court has received the transmission, the litigant must forward to the clerk the original signed document, any applicable filing fees, and a transmission fee of five dollars.  *Id.* § 13:850(B).  If the party fails to comply with these requirements, "the facsimile shall have no force or effect."  *Id.* § 13:850(C).  Plaintiff filed her petition and *in forma pauperis* affidavit on June 3, 2013 by facsimile transmission, as evidenced by the date stamp on

---

plaintiff in *Mumfrey* filed his petition.  Congress added a new section that merely codified the existing practice, discussed in *Mumfrey*, of permitting a defendant to assert the amount in controversy in his or her notice of removal if state law does not allow a plaintiff to demand a specific sum in the petition.  *Id.* § 1446(c)(2)(A)(ii).  As the *Mumfrey* Court noted, a petition lacking an affirmative claim to damages in excess of the federal jurisdictional amount does not start the 30-day clock *even if* a defendant *could* have removed immediately after being served.  719 F.3d at 400 & n. 13.

the faxed copies of the documents.[15]  Because the clerk of court

received the transmission on June 3, plaintiff had until

Wednesday, June 12 to forward her original petition to the clerk

of court.[16]  She admits in her opposition to this motion,

however, that her attorney did not hand-deliver the original

petition until Thursday, June 13, at which time he also furnished

a hard copy of plaintiff's *in forma pauperis* petition and paid

the fax and extra page fees.[17]

Plaintiff argues that her delivery of the original petition

was timely. In establishing facsimile transmission as a

permissible method of filing civil pleadings, Section 13:850(A)

provides:

> Filing shall be deemed complete at the time that the
> facsimile transmission is received and a receipt of
> transmission has been transmitted to the sender by the clerk
> of court.  The facsimile when filed has the same force and
> effect as the original.

Because the clerk of court did not transmit the facsimile

transmission confirmation until June 4, plaintiff contends that

---

[15] R. Doc. 1-2 at 3, 8; *see also* "Facsimile Transmission
Confirmation," R. Doc. 1-2 at 1.

[16]  Saturday and Sunday are legal holidays in the Parish of
Orleans and are not counted in computing the seven-day period.
*See* La. Rev. Stat. § 1:55.  The date that the clerk of court
received the facsimile transmission is also excluded.  *See* La.
Code. Civ. Proc. art. 5059.

[17] *See* R. Doc. 10 at 4.  *See also* R. Doc. 10-5 (showing
receipt for fax and extra page fees dated June 13); R. Doc. 1-2
at 1 (notation on facsimile transmission confirmation indicating
that fax and extra page fee were paid on June 13).

filing was not complete as defined in Section 13:850(A) until June 4.  She argues that as a result, the seven-day period did not begin to run until June 5, which would make June 13 the final day to forward the original petition to the clerk of court.  But Section 13:850(B) requires a party to forward the original petition within seven days "after the clerk of court has received the transmission," *not* after filing is deemed complete as defined in Section 13:850(A).  Under Section 13:850(A), the clerk's receipt of the transmission is one of two steps that are required for filing to be deemed complete.  Section 13:850(B), on the other hand, clearly provides that only one step triggers the running of the seven-day period, the receipt of the facsimile transmission by the clerk of court.

The Louisiana First Circuit Court of Appeal has squarely addressed this issue and reached the same conclusion:

> We find no merit to the plaintiff's argument that the clerk of court's failure to issue a receipt of the facsimile transmission somehow negated the plaintiff's responsibility of sending the original signed petition and required fees within five days of the fax-filed petition. *See Northern Ins. Co. of New York v. Gabus,* 04–153 (La.App. 3 Cir. 7/7/04), 877 So.2d 1183, 1185–1186. The statute does not require that the clerk of court transmit receipt of the fax-filing within a certain time. *Antoine,* 734 So.2d at 1260. The purpose of the statute is carried out by looking to the fax filing as complete for prescription purposes upon receipt of the transmission by the clerk's office, which is not disputed in this case. However, the transmission of a receipt of the facsimile by the clerk of court to the plaintiff serves only as an acknowledgment and proof of the time of the fax filing. *Id.* The timing and proof of the facsimile transmission are not at issue in this case.

*Taylor v. Bayou Fabricators*, 22 So. 3d 186, 188-89 (La. Ct. App.
2009).   Moreover, a recent Louisiana Supreme Court case involving
similar facts reinforces this conclusion.   In *Hunter v. Morton's
Seafood Restaurant & Catering*, 6 So. 3d 152 (La. 2009), a
plaintiff filed her petition for damages by facsimile
transmission on March 8, 2007.   The following day, the clerk's
office transmitted a receipt indicating that her petition had
been received on March 8.   *Id.* at 154.   Plaintiff mailed the
original, signed petition to the clerk's office on March 15,
2007, which was five legal days after the clerk received the
facsimile filing on March 8.   *Id.*   The court did not receive the
original until March 16, which was six legal days after the
facsimile filing was received.   *Id.*   At the time, Section
13:850(B) allowed a litigant only five legal days in which to
forward the original, signed petition to the clerk's office.   The
only issue raised by the parties was whether the plaintiff
complied with the requirement that she "forward" the original
petition within five legal days by mailing it on March 15.   *Id.*
at 154-155.   In accordance with the statutory language, both
parties were in apparent agreement that the five-day period had
begun on March 9, 2007, the first legal day after the facsimile
filing was received, rather than on March 12, the first legal day
after the clerk transmitted the receipt.   *See id.*   In its
analysis, the Louisiana Supreme Court proceeded in apparent

agreement with the parties on this point, operating under the assumption that the filing was timely only if the mailing of the original on March 15 satisfied the requirement that it be "forwarded" within five legal days of March 8.  *See id.*

As in *Hunter* and *Taylor*, plaintiff's seven-day period began on the day following the clerk's receipt of the fax-filed petition.  That date was June 4, and the seven-day period ended on June 12.  Unlike in *Hunter*, however, plaintiff did not mail the original petition on the final legal day, which the Court in *Hunter* found to be sufficient.  Rather, plaintiff's counsel hand-delivered the petition on June 13, the day after the seventh legal day.  Because plaintiff failed to comply with the requirements of Section 13:850(B), the facsimile filing had no force or effect.  The hand-delivered petition was not received until June 13, 2013, which was past the prescriptive date of June 5, 2013.  Accordingly, plaintiff's claim is prescribed.[18]

---

[18] In *Tenney v. Burlington N. & Sante Fe Ry. Co.*, 863 So. 2d 526, 528-29 (La. 2004), the Louisiana Supreme Court held that an application to proceed *in forma pauperis* that complies with the requirements of La. Code Civ. P. art. 5183 satisfies a litigant's obligation to pay the transmission fee and applicable filing fees within seven days of a facsimile filing.  Although plaintiff fax-filed a pauper application along with her petition for damages, she failed to complete the income-related questions on the affidavit and failed to tender the original, signed affidavit within seven days, raising a question as to whether the request was "proper" as defined by art. 5183 and the Court's decision in *Tenney*.  The Court need not resolve this question, however.  Even if plaintiff's pauper application was properly filed, it did not extinguish her obligation to forward the original petition for damages within the seven-day period.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion to remand and GRANTS defendant's motion to dismiss the complaint.


New Orleans, Louisiana, this <u>4th</u> day of February, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE